UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTINE BERNARD                    CIVIL ACTION NO. 6:13-cv-02105

VERSUS                               JUDGE HAIK

RYAN FOERSTER, ET AL.                MAGISTRATE JUDGE HANNA

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs' complaint, as amended (Rec. Docs. 1 and 7), alleges that this Court has jurisdiction over this action under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00. The undersigned reviewed the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied and concluded that they have not been satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the plaintiff must bear that burden. The undersigned has determined that it is facially apparent from the complaint, as amended, that the amount in controversy exceeds the jurisdictional threshold, but the plaintiff has not established that the parties are diverse in citizenship.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] The complaint, as amended, alleges that plaintiff Christine Bernard is a Louisiana resident and that defendant Ryan Foerster is a Texas resident. The

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[2] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[3] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[4] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[5] For that reason, the undersigned will accept that Ms. Bernard is a Louisiana citizen and that Mr. Foerster is a Texas citizen, if there is no objection from the defendants.

The complaint, as amended, also alleges that defendants GEICO Indemnity Company and State Farm Mutual Automobile Insurance Co. are foreign corporations, which is insufficient to establish the citizenship of these two parties. Defendants GEICO and State Farm appear to be corporations. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[6] In this case, however, no such allegations have been made with regard to GEICO or State Farm. For that reason, the undersigned cannot determine whether the parties are diverse in citizenship.

---

[3] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[4] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[5] *Hollinger*, 654 F.3d at 571.

[6] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

Under 28 U.S.C. § 1332(c)(1), the citizenship of a liability insurer's insured is imputed to the insurer when a direct action is brought against the insurer and the insured is not named as a party in the suit.  Here, both Mr. Foerster and his liability insurer, GEICO, were sued.  Therefore, Mr. Foerster's citizenship is not imputed to GEICO.  Furthermore, Ms. Bernard's citizenship is not imputed to her UM insurer, State Farm, because the UM insurance is not liability insurance.[7]  Therefore, only the state of incorporation and the state where the principal place of business is located for GEICO and State Farm is relevant to the diversity calculation in this case.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship.  These facts should be supported with summary-judgment-type evidence.  The defendant will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 12th day of December 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[7] *Chevalier v. Reliance Ins. Co. of Ill.*, 990 F.2d 625 (5th Cir. 1993) (unreported).